(April 24, 1914.)

FIRST NATIONAL BANK OF MOSCOW, a Corporation, Respondent, v. THE REGENTS OF THE UNIVERSITY OF IDAHO, a Corporation, Appellant.

[140 Pac. 771.]

ACTION AGAINST BOARD OF UNIVERSITY REGENTS—JURISDICTION—POWER OF SUCCEEDING BOARD OF EDUCATION TO DEFEND—ELECTION OF REMEDIES.

1.   The district court has jurisdiction to try an action against the Board of Regents of the State University to recover a balance for money advanced and material furnished in the construction of a building to be used by the university. *Moscow Hardware Co. v. Regents,* 19 Ida. 420, 113 Pac. 731, and *First Nat. Bank v. Regents,* 19 Ida. 440, 113 Pac. 735, approved and followed.

2.   The act of March 6, 1913 (Sess. Laws 1913, p. 328), creating a State Board of Education, makes such board the successor to the old Board of Regents of the University of Idaho, and as such successor said State Board of Education has the power and authority to defend an action previously instituted against the old board for a pre-existing obligation.

3.   *Held,* that the remedies sought by the plaintiff are not inconsistent remedies, and plaintiff could not be required to elect between them.

4.   *Held,* that the lower court committed no error prejudicial to the rights of appellant.

APPEAL from the District Court of the Second Judicial District, in and for Latah County. Hon. Edgar C. Steele, Judge.

Action against the Board of Regents of the University of Idaho to recover for money advanced and material furnished in the construction of a university building. Judgment against the board in the sum of $6,506.35, and the State Board of Education, as successor to the former Board of Regents; appeals. *Affirmed.*

Forney & Moore, for Appellant.

An.action against the defendant arising out of its conduct in managing the affairs of the university is, in effect, an action against the state, and the district courts have no jurisdiction of either the subject matter of the action or the person of the defendant. (*Hollister v. State,* 9 Ida. 13, 71 Pac. 541; *Thomas v. State,* 16 Ida. 82, 100 Pac. 761; *Moody v. State's Prison,* 128 N. C. 12, 38 S. E. 131, 53 L. R. A. 855; *Marion County v. Wilson,* 105 Ky. 302, 49 S. W. 8, 799; *State v. Regents of University,* 55 Kan. 389, 40 Pac. 656, 29 L. R. A. 378; *Oklahoma Agricultural etc. College v. Willis,* 6 Okl. 593, 52 Pac. 921, 40 L. R. A. 677; *Lane v. Minnesota State Agricultural Soc.,* 62 Minn. 175, 64 N. W. 382, 29 L. R. A. 708; 23 Am. & Eng. Ency. of Law, 83; *Alabama Girls' Industrial School v. Reynolds,* 143 Ala. 579, 42 So. 114; *Memphis etc. R. R. Co. v. Tennessee,* 101 U. S. 337, 25 L. ed. 960; *South & North Alabama R. R. Co. v. Alabama,* 101 U. S. 832, 25 L. ed. 973; *Gibbons v. United States,* 8 Wall. (U. S.) 269, 19 L. ed. 453; *Clodfelter v. State,* 86 N. C. 51, 41 Am. Rep. 440; *Chapman v. State,* 104 Cal. 690, 43 Am. St. 158, 38 Pac. 457; *Green v. State,* 73 Cal. 29, 11 Pac. 602, 14 Pac. 610; *Melvin v. State,* 121 Cal. 22, 53 Pac. 416.)

All the issues raised upon the material allegations in plaintiff's complaint, by the first defense in the answer of the defendant, had been determined in this court, adversely to the plaintiff, and were *res adjudicata.* (*First Nat. Bank v. Regents etc.,* 19 Ida. 440, 113 Pac. 735; Rev. Codes, sec. 595,

subd. 3; *Moscow Hardware Co. v. Regents etc.*, 19 Ida. 429, 113 Pac. 731.)

Where a contract is breached by one of the parties thereto, the adverse party may either sue upon the contract and recover on it in so far as it is performed, as well as the value of his bargain in so far as it is unperformed, on showing a loss of profits, or he may because of the breach waive the contract and sue on *quantum meruit,* and recover the value of his services, but he cannot pursue both remedies. (*Gabrielson v. Hague Box & Lumber Co.*, 55 Wash. 342, 133 Am. St. 1032, 104 Pac. 635; Pomeroy's Code Rem., 3d ed., sec. 576; Maxwell on Code Pldgs., p. 108.)

C. J. Orland, for Respondent.

This court has held in an action involving the same claim, as an original proceeding in this court, that it was without jurisdiction and that the action should have been brought in the district court. (*Moscow Hardware Co. v. Regents,* 19 Ida. 420, 113 Pac. 731; *First Nat. Bank v. Regents,* 19 Ida. 440, 113 Pac. 735.)

These decisions of this court, so far as its jurisdiction is concerned, should be final, and especially as to these parties, who are the same as in the original proceedings heretofore referred to.

It would be a new departure in judicial procedure for a court to hold that it was without jurisdiction, and then hold that the merits involved were *res adjudicata,* by reason of a finding, order or judgment, in such court. (*State v. Keller,* 8 Ida. 708, 70 Pac. 1051.)

If this court in the former case had no jurisdiction of the subject matter, its decision and act would be void and of no force, and may be the subject of attack collaterally. (*Risley v. Phenix Bank,* 83 N. Y. 320, 38 Am. Rep. 421; *Thompson v. Whitman,* 18 Wall. (U. S.) 457, 21 L. ed. 897; *Sache v. Wallace,* 101 Minn. 169, 118 Am. St. 612, 112 N. W. 387, 11 Ann. Cas. 348, 11 L. R. A., N. S., 803; *Spoors v. Coen,* 44 Ohio St. 497, 9 N. E. 132; *Waldron v. Harvey,* 54 W. Va. 608,

102 Am. St. 959, 46 S. E. 603; *Rhode Island v. Massachusetts,*
12 Pet. (U. S.) 657, 9 L. ed. 1233.)

There are no substantial or harmful errors in the admission
or rejection of evidence or the instructions of the court, and
if there were any errors, they affected no substantial right
of the appellant and should be disregarded.    (*Smith v. Field,*
19 Ida. 565, Ann. Cas. 1912C, 354, 114 Pac. 668.)

PER CURIAM.—This action was commenced against the
Board of Regents of the University of Idaho to recover a
balance for money advanced and material furnished in the
construction of a building to be used by the university.
Judgment was obtained for the sum of $6,506.35, and the
State Board of Education and the Board of Regents of the
University of Idaho, as successor to the old Board of Regents,
prosecuted this appeal.

There is no merit in the contention that the district court
was without jurisdiction and that the only jurisdiction to
hear this case was in the supreme court.    This court held to
the contrary in *Moscow Hardware Co. v. Regents,* 19 Ida. 420,
113 Pac. 731, and *First Nat. Bank v. Regents,* 19 Ida. 440,
113 Pac. 735.    The doctrine there announced is sound and
consonant with the provisions of the constitution and statute,
and is affirmed in so far as it applies to the Board of Regents
of the State University.

It is unnecessary for us to deal with the question presented
by appellant as to the right to maintain such an action against
the State Board of Education, which is also made the Board
of Regents of the University, for the reason that this action
arose before the adoption of the act of March 6, 1913, which
created the Board of Education, which is also the Board of
Regents of the University of Idaho.    The statute makes this
board the successor to the old Board of Regents, and whether
or. not an action can be maintained against this board, they
have the power and authority to defend an action previously
instituted for a pre-existing obligation.

There is no merit in the contention that the court erred
in refusing to require the plaintiff to elect between two al-

leged remedies. The remedies sought by the plaintiff are not inconsistent remedies. There was no error in the ruling of the court refusing to require an election.

We discover no error in this case prejudicial to the rights of the appellant or that would call for a reversal of the judgment.

Considerable argument has been made by appellant in this case as to the manner of collection of the judgment herein in the event it should be affirmed. That is not a question which confronts us on this appeal. It is clear, however, that no execution can issue in the case and that this judgment is merely an adjudication and judicial determination of the amount justly due from the appellant to the respondent. If the board does not pay the judgment or is not supplied with funds out of which to pay the same, respondent will have to go before the legislature and seek its relief through that channel. This is a mere suggestion, however, and is in no way essential to the determination of this case.

The judgment is therefore affirmed, with costs in favor of respondent.